### C. A. LEE v. THE STATE.

No. 3902.   Decided February 13, 1907.

**Sunday Law—Farmer—Sufficiency of Evidence.**

Where upon trial for a violation of the Sunday law, the evidence showed that the defendant engaged in farm work on Sunday, and that the necessity of such work was a question of fact, the verdict will not be disturbed.

Appeal from the County Court of Jack.   Tried below before the Hon. Sil Stark.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $10.

The testimony showed that the defendant worked in his field with a disc plow on Sunday. Some of the testimony was that ground which has been tramped and manured like that which defendant plowed, dries up much faster than if it had not been treated that way, but other testimony showed that ground upon which cattle had been fed like this would not dry out any quicker than any other ground, and would hold moisture as well.

*H. P. Jones, Thomas D. Sporer,* for appellant.—On question of work of necessity on Sunday, Hennersdorf v. State, 25 Texas Crim. App., 597; Nelson v. State, id., 599.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the Sunday law by working on Sunday, and his punishment assessed at a fine of $10.

There is but one question in this record we deem necessary to review; that is the sufficiency of the evidence. The facts show conclusively, and it is practically conceded by appellant that he did engage in farm work on Sunday. It was not a work of necessity which would exempt appellant from the terms of the statute, or at least the evidence amply supports the converse conclusion. Being a question of fact, the evidence supporting the State's insistence, the judgment is affirmed.

*Affirmed.*